# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUDY GOMILLA,**<br>     **Plaintiff** | **CIVIL DOCKET** |
| **VERSUS** | **NO. 18-10212** |
| **BRACCO DIAGNOSTICS, INC., et al**<br>     **Defendant** | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to State a Claim filed by

Defendants McKesson Corporation and McKesson Medical-Surgical, Inc. (collectively,

"McKesson"),[1] a Motion to Dismiss for Failure to State a Claim filed by Defendants GE

Healthcare, Inc. and General Electric Company (collectively "GEHC"),[2] and a Motion to

Dismiss filed by Defendant Bracco Diagnostics, Inc. ("BDI").[3] Plaintiff Judy Gomilla

opposes each of these motions.[4] In each Opposition, Plaintiff states she will amend the

Complaint if the Court deems it necessary.[5] For the reasons that follow, McKesson's,

GEHC's, and BDI's motions to dismiss are each **GRANTED IN PART**, and Plaintiff is

**GRANTED** leave to amend her complaint with respect to any remaining claims.

## BACKGROUND

Plaintiff alleges she was administered gadolinium-based contrast agents

("GBCAs").[6] Plaintiff alleges various defendants including McKesson distributed the

GBCAs administered to Plaintiff,[7] and various defendants including GEHC and BDI

---

[1] R. Doc. 30.
[2] R. Doc. 33.
[3] R. Doc. 35.
[4] R. Docs. 36, 37, and 38.
[5] *Id.*
[6] R. Doc. 1. at ¶¶ II-V.
[7] *Id.* at ¶ XXIII.

designed, manufactured, marketed, and sold the GBCAs administered to Plaintiff.[8] As a result of being injected with GBCAs, Plaintiff allegedly suffered from symptoms of Gadolinium Deposition Disease ("GDD"), including "skin patchiness, bone and joint pain and cognitive impairment."[9] Plaintiff filed the present suit on October 31, 2018. McKesson, GEHC, and BDI have individually moved to dismiss each of Plaintiff's claims against them.[10]

## LEGAL STANDARD

### I.    Motion to Dismiss Under Rule 12(b)(6)

Rule 12(b)(6) provides for dismissal of a claim if the claimant fails to set forth a factual allegation in support of its claim that would entitle it to relief (i.e. for "failure to state a claim").[11] Those factual allegations "must be enough to raise a right to relief above the speculative level."[12] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[13] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the non-moving party,[15] but the Court need not accept as true legal conclusions couched as factual allegations.[16] "Motions to dismiss under Rule

---

[8] *Id.* at ¶¶ III-IV.
[9] *Id.* at ¶¶ VI, XXXVII.
[10] R. Docs. 30, 33, and 35.
[11] *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[12] *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[14] *Id.*
[15] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009).
[16] *Iqbal*, 556 U.S. at 678.

12(b)(6) are viewed with disfavor and are rarely granted."[17] As a result, the Court should generally "afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."[18]

## II.    Motion to Dismiss Under Rule 9(b)

Federal Rule of Civil Procedure 9(b) governs pleading standards for fraud claims, including state-law fraud claims.[19] Rule 9(b) also applies to negligent misrepresentation claims "when based on the same alleged facts as a fraud claim."[20] Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[21] "What constitutes 'particularity' will necessarily differ with the facts of each case and hence the Fifth Circuit has never articulated the requirements of Rule 9(b) in great detail." [22] The Fifth Circuit "interprets Rule 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[23] "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."[24] A plaintiff's

---

[17] *Lormand*, 565 F.3d at 232 (5th Cir.2009) (citation omitted).
[18] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).
[19] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338–39 (5th Cir. 2008) ("[S]tate-law fraud claims are subject to the pleading requirements of Rule 9(b).") (citing *Abrams v. Baker Hughes Inc.,* 292 F.3d 424, 430 (5th Cir. 2002); *Williams v. WMX Technologies, Inc.,* 112 F.3d 175, 177 (5th Cir. 1997)).
[20] *Center for Reconstructive Breast Surgery, LLC v. Blue Cross Blue Shield of La.*, No. 11–806, 2014 WL 4930443, at *7 (E.D. La. Sept. 30, 2014) (citing *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003)).
[21] Fed. R. Civ. P. 9(b).
[22] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992).
[23] *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.,* 565 F.3d 200, 207 (5th Cir. 2009).
[24] *Tel–Phonic Services, Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134, 1139 (5th Cir. 1992).

failure to meet Rule 9(b)'s heightened pleading requirements "should not automatically or inflexibly result in dismissal of the complaint," but rather a plaintiff should be granted leave to amend unless amendment would be futile or the plaintiff has already been granted opportunities to amend.[25]

## LAW AND ANALYSIS

### I.      The LPLA

The LPLA "establishes the exclusive theories of liability for manufacturers for damage caused by their products."[26] The four theories under which a plaintiff may recover in an LPLA action are that the product in question was unreasonably dangerous: (1) in construction or composition[27]; (2) in design[28]; (3) because of inadequate warning[29]; or (4) because of nonconformity to an express warranty.[30]

A few applicable limitations on the exclusivity provision of the LPLA warrant brief discussion. First, the LPLA applies only to manufacturers. "Manufacturer" is defined as "a person or entity who is in the business of manufacturing a product for placement into trade or commerce."[31] Second, a plaintiff is limited to the theories of liability under the LPLA only when making a claim for "damages" as defined by the LPLA. Under the LPLA, "damage":

> [M]eans all damage caused by a product, including survival and wrongful death damages, for which Civil Code Article 2315, 2315.1 and 2315.2 allow recovery. "Damage" includes damage to the product itself and economic loss arising from a

---

[25] *Hart v. Bayer Corp.*, 199 F.3d 239, 248 (5th Cir. 2000); *see Cates v. International Telephone and Telegraph Corp.*, 756 F.2d 1161, 1180 (5th Cir. 1985) ("But such deficiencies do not normally justify dismissal of the suit on the merits and without leave to amend, at least not in the absence of special circumstances."); *U.S. ex rel. Stewart v. The Louisiana Clinic*, No. 99-1767, 2002 WL 257690, at *5 (E.D. La. Feb. 22, 2002).

[26] LA. REV. STAT. ANN. § 9:2800.52.

[27] *Id.* § 2800.55.

[28] *Id.* § 2800.56.

[29] *Id.* § 2800.57.

[30] *Id.* § 2800.58.

[31] *Id.* § 2800.53(1).

deficiency in or loss of us of the product only to the extent that Chapter 9 of Title VII of Book III of the Civil Code, entitled "Redhibition," does not allow recovery for such damage or economic loss.[32]

The LPLA does not preclude damages for breach of contract, including "breach of contract based fraud pursuant to article 1953."[33]

## II.     McKesson's Motion to Dismiss

Plaintiff brings the following claims against McKesson as a distributor: (1) strict liability for failure to warn, (2) negligence, (3) fraud, (4) fraud by concealment, (5) negligent misrepresentation,[34] and (6) the LPLA.[35]

### A.     Motion to Dismiss Under Rule 12(b)(6)

#### 1.     LPLA

McKesson moves to dismiss under Rule 12(b)(6) Plaintiff's claims under the LPLA.[36] Plaintiff "agrees with defendant that any cause of action outside of negligence may not be asserted by Plaintiff, and that dismissal of those claims, for this defendant, is proper."[37] Thus, to the extent Plaintiff brings an LPLA claim against McKesson as a distributor, this claim is dismissed with prejudice, with Plaintiff's consent.

#### 2.     Negligence

McKesson moves to dismiss under Rule 12(b)(6) Plaintiff's negligence claim. McKesson argues its liability as a distributor is limited in Louisiana: "'[A] non-manufacturer/seller can be held liable for damages in tort only if he knew or should have

---

[32] *Id.* § 2800.53(5).
[33] *C-Innovation, LLC v. Norddeutsche Seekabelewerke GMBH*, No. 10–4441, 2013 WL 990026, at *5 (E.D. La. Mar. 13, 2013).
[34] R. Doc. 1 at ¶¶ LXXII-CIII.
[35] R. Doc. 38 at 3 (". . . Plaintiff states a claim for relief under the LPLA . . ..").
[36] R. Doc. 30-1 at 4-5.
[37] R. Doc. 38 at 6.

known that the product was defective and failed to declare the defect to the purchaser.'"[38]

McKesson argues: "The only allegation of breach in line with this standard that is applicable to McKesson as a distributor is that 'Defendants failed to exercise ordinary care in the labeling of GBCAs.'"[39]

Plaintiff agrees "McKesson is a distributor," and "[a]s a distributor . . . and not a manufacturer, a non-manufacturing seller who does not vouch for the product by holding it out as his own does not incur strict manufacturer's liability under the [LPLA], but is responsible for damages in tort only if he knew or should have known that the product sold was defective, and failed to declare it."[40] Plaintiff alleges "the product sold by the manufacturer Co-Defendants was dangerous due to the defective nature of the product, that [t]his dangerous and defective condition was known and/or knowable by McKesson, but that McKesson sold the manufacturer's product despite that knowledge."[41]

### B.      Motion to Dismiss Under Rule 9(b)

McKesson moves to dismiss under Rule 9(b) Plaintiff's claims for: (1) fraud, (2) fraud by concealment, and (3) negligent misrepresentation.[42] "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."[43] McKesson argues Plaintiff's complaint "does not identify when or where the allegedly fraudulent statements were made, who made them on McKesson's behalf, what these statements were, how she relied on them, or how she was

---

[38] R. Doc. 30-1 at 6 (quoting *Adams v. Owens-Corning Fiberglas Corp.*, 923 So.2d 118, 123 (La. Ct. App. 2005), *writ denied* 925 So.2d 519 (La. 2006)).
[39] *Id.* (quoting R. Doc. 1 at ¶ LXXIX).
[40] R. Doc. 38 at 2.
[41] *Id.* at 3.
[42] R. Doc. 30-1 at 7-8.
[43] *Tel–Phonic Services,* 975 F.2d at 1139.

damaged as a result of these statements" and "does not identify McKesson by name in any of the fraud or misrepresentation allegations."[44]

Plaintiff's fraud and misrepresentation allegations against McKesson lack the minimum particularity requirements of Rule 9(b). Plaintiff offers to "amend the Complaint if this Honorable Court deems it necessary."[45]

### III.    Motion for Leave to Amend

Plaintiff's negligence, fraud, fraudulent concealment, and negligent misrepresentation claims against McKesson remain. As stated above, Plaintiff has moved "to amend if this Honorable Court deems it necessary."[46] Pursuant to Federal Rule of Civil Procedure 15(a), which provides the Court should freely grant leave to amend "when justice so requires," the Court finds it appropriate to allow Plaintiff to file an amended and restated complaint.[47] This case is in the early stages of proceedings—and Plaintiff has not yet been afforded the opportunity to amend and restate her complaint—and thus granting Plaintiff leave to file an amended and restated complaint will not cause McKesson prejudice.

McKesson's motion is also in the nature of a motion for a more definite statement.[48] Accordingly, the Court requires Plaintiff's amended and restated complaint specify the causes of action brought against McKesson, and any allegations against McKesson for fraud, fraudulent concealment, or negligent misrepresentation must comply with the heightened pleading requirements of Rule 9(b).

---

[44] R. Doc. 30-1 at 7.
[45] R. Doc. 38 at 6.
[46] *Id.*
[47] *See Great Plains Trust*, 313 F.3d at 329.
[48] Fed. R. Civ. P. 12(e).

**IV.    GEHC's and BDI's Motions to Dismiss**

Plaintiff brings the following causes of action against GEHC and BDI as manufacturers: (1) strict liability for the failure to warn, (2) negligence, (3) fraud, (4) fraudulent concealment, (5) negligent misrepresentation, [49] and (6) the LPLA. [50] Plaintiff's first claim, "failure to warn," is a theory under which a defendant may recover in an LPLA cause of action. [51] Plaintiff's "failure to warn" claim is thus treated as part of Plaintiff's LPLA claim.

**A.    Motions to Dismiss**

Defendant GEHC argues: (1) The LPLA bars recovery against GEHC for any other claim, and (2) Plaintiff fails to assert a claim under any theory provided by the LPLA. [52] Defendant BDI argues: (1) the LPLA bars recovery against BDI for any other claim, and (2) Plaintiff's claims for (a) fraud, (b) fraudulent concealment, and (c) negligent misrepresentation fail to meet the heightened pleading requirements of Rule 9(b). [53] As to GEHC, Plaintiff responds she "supplied ample factual allegations showing why the Plaintiff is entitled to relief under the LPLA." [54] Plaintiff agrees "[f]or causes of action arising after the effective date of the LPLA, negligence, strict liability, and breach of express warranty are not available as theories of recovery against a manufacturer, independent from the LPLA." [55] Plaintiff does not claim she is entitled to recover against GEHC for any claim outside of the LPLA. As to BDI, Plaintiff responds that she "agrees

---

[49] R. Doc. 1. at ¶¶ LXXII-CIII.
[50] R. Docs. 36 and 37.
[51] LA. REV. STAT. ANN. § 9:2800.57.
[52] *See* R. Doc. 33-1 at 3-8.
[53] *See* R. Doc. 35-1 at 2-12.
[54] R. Doc. 36 at 11.
[55] *Id.* at 8.

with [BDI] that any cause of action outside of the scope of the LPLA . . . may not be asserted by Plaintiff, and that dismissal of those claims, for this defendant, is proper."[56]

Accordingly, all causes of action other than the LPLA claims against GEHC and BDI are dismissed with prejudice.

**B.      Motions for Leave to Amend**

In Plaintiff's oppositions to GEHC's and BDI's motions to dismiss, Plaintiff offers: "Plaintiff will gladly amend her complaint should the Court so order, to better itemize each allegation under an LPLA statute heading."[57] With respect to Plaintiff's LPLA claim against GEHC and BDI, Plaintiff is granted leave to file an amended and restated complaint to comply with the pleading requirements of Rule 12(b)(6). Because this case is still at a very early stage in the proceedings, the Court finds granting Plaintiff leave to file an amended and restated complaint will not cause GEHC or BDI prejudice.

GEHC's and BDI's motions also are in the nature of motions for a more definite statement.[58] Accordingly, the Court requires Plaintiff's amended and restated complaint should must contain specific factual allegations as required by Rule 12(b)(6).

## CONCLUSION

**IT IS ORDERED** that McKesson's,[59] GEHC's,[60] and BDI's[61] motions to dismiss are **GRANTED IN PART**. Plaintiff's claim under the LPLA against McKesson, are **DISMISSED WITH PREJUDICE**. Plaintiff's (1) negligence, (2) fraud, (3) fraudulent

---

[56] R. Doc. 37 at 2.
[57] R. Docs. 36 at 4 and 37 at 5.
[58] Fed. R. Civ. P. 12(e).
[59] R. Doc. 30.
[60] R. Doc. 33.
[61] R. Doc. 35.

concealment, and (4) negligent misrepresentation claims against GEHC and BDI are **DISMISSED WITH PREJUDICE**.[62]

      **IT IS FURTHERED ORDERED** that Plaintiff is **GRANTED** leave to file an amended and restated complaint to comply with the pleading requirements of Rule 12(b)(6) and, as applicable, the heightened pleading requirements of Rule 9(b). Plaintiff shall file an amended and restated complaint by no later than **Friday, July 12, 2019**. If Plaintiff files on or before Friday, July 12, 2019 an amended and restated complaint in accordance with the Court's direction, the motions to dismiss will be dismissed without prejudice.

      **New Orleans, Louisiana, this 3rd day of July, 2019.**

                    _____
                         **SUSIE MORGAN**
            **UNITED STATES DISTRICT JUDGE**

---

[62] Plaintiff's negligence, fraud, fraudulent concealment, and negligent misrepresentation claims against McKesson remain. Plaintiff's claim under the LPLA against GEHC and BDI remain.